[Cite as *State v. Downton*, 2025-Ohio-4903.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

AMBER N. DOWNTON,

    DEFENDANT-APPELLANT.

CASE NO. 1-25-32

OPINION AND
JUDGMENT ENTRY

Appeal from Lima Municipal Court
Trial Court No. 25CRB00054

Judgment Affirmed

Date of Decision:  October 27, 2025

APPEARANCES:

    *William T. Cramer* for Appellant

    *Joseph C. Snyder* for Appellee

**ZIMMERMAN, J.,**

{¶1} Although originally placed on our accelerated calendar, we have elected pursuant to Loc.R. 11(E) to issue a full opinion in lieu of a summary journal entry. Defendant-appellant, Amber N. Downton ("Downton"), appeals the June 20, 2025 judgment entry of sentence of the Lima Municipal Court. For the reasons that follow, we affirm.

{¶2} This case stems from an incident with the victim at a Walmart in December 2024. The two previously worked together. In 2022, the victim obtained a five-year protection order against Downton, which was served on her on September 29, 2022. Prior to the December 2024 incident, Downton was convicted of violating this same protection order in 2023.

{¶3} On January 10, 2025, Downton was charged with violating a protection order in violation of R.C. 2919.27(A)(2), a first-degree misdemeanor, and menacing in violation of R.C. 2903.22(A)(1), a fourth-degree misdemeanor. Downton appeared for arraignment on January 17, 2025 and pleaded not guilty to the complaint.

{¶4} The case proceeded to a jury trial on June 20, 2025, and the jury found Downton guilty of violating a protection order but not guilty of menacing. That

same day, the trial court sentenced Downton to 180 days in jail and assessed a $150 fine as well as court costs.

{¶5} Downton filed her notice of appeal on June 26, 2025. She raises one assignment of error for our review.

**Assignment of Error**

**Appellant's conviction for violating a protection order is against the weight of the evidence.**

{¶6} In her sole assignment of error, Downton argues that her violating a protection order conviction is against the manifest weight of the evidence. In particular, Downton asserts that the greater weight of the credible evidence demonstrates that her conduct was not reckless because evidence presented at trial reflects that the encounter was incidental, and she was merely passing by the victim as she tried to leave the store.

*Standard of Review*

{¶7} Manifest "weight of the evidence and sufficiency of the evidence are clearly different legal concepts." *State v. Thompkins*, 78 Ohio St.3d 380, 389 (1997). In determining whether a conviction is against the manifest weight of the evidence, a reviewing court must examine the entire record, "'weigh[] the evidence and all reasonable inferences, consider[] the credibility of witnesses and determine[] whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be

reversed and a new trial ordered.'" *Id.* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist. 1983). A reviewing court must, however, allow the trier of fact appropriate discretion on matters relating to the weight of the evidence and the credibility of the witnesses. *State v. DeHass*, 10 Ohio St.2d 230, 231 (1967). When applying the manifest-weight standard, "[o]nly in exceptional cases, where the evidence 'weighs heavily against the conviction,' should an appellate court overturn the trial court's judgment." *State v. Haller*, 2012-Ohio-5233, ¶ 9 (3d Dist.), quoting *State v. Hunter*, 2011-Ohio-6524, ¶ 119.

*Analysis*

{¶8} Downton was convicted of violating a protection order in violation of R.C. 2919.27(A)(2), which provides, in its relevant part, that "[n]o person shall recklessly violate the terms of . . . [a] protection order issued pursuant to [R.C.] 2151.34, 2903.213, or 2903.214 . . . ." "A person acts recklessly when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature." R.C. 2901.22(C).

{¶9} In this case, Downton argues that her conviction for violating a protection order is against the manifest weight of the evidence. She claims the encounter was incidental, as she did not know the victim would be at the Walmart,

and contends that she did not direct any comments toward the victim and was simply trying to find her daughter to leave the store.

{¶10} Downton's argument is unpersuasive. The protection order, served on Downton on September 29, 2022 by Deputy Justin Hollar ("Deputy Hollar") of the Allen County Sheriff's Office, requires her to stay away from the victim and her husband and not be present within 500 feet of them. Further, the order explicitly states that if Downton "accidentally comes in contact with protected persons in any public or private place," she "must depart *immediately*." (Emphasis in original). (State's Exhibit B).

{¶11} At trial, both the victim and her husband testified that they encountered Downton at Walmart. The victim testified that Downton, instead of immediately departing, walked past her twice within a few feet, uttering insults. The victim's husband confirmed the encounters. A surveillance video depicting the encounter was also played for the jury. Critically, the video, along with the victim's testimony showed that Downton's daughter was with her during both of these encounters, belying Downton's argument that she was merely trying to find her daughter to leave the store.

{¶12} Crucially, Downton herself testified that she failed to immediately leave the store after seeing the victim. She admitted to seeing the victim for the first time while looking at jewelry before the other two encounters. On cross-

examination, Downton confirmed that she did not immediately leave because she was shopping with her daughter and did not think it was fair to her daughter to leave empty-handed. Downton also testified that she knew the protection order was in place. Likewise, Deputy Hollar testified that he ensures that he reads the terms of protection orders to respondents, which supports the conclusion that Downton was aware of the requirement to immediately depart.

{¶13} Consequently, we conclude that the weight of the evidence reflects that Downton acted with heedless indifference to the consequences of her actions. *See State v. Diebert*, 2025-Ohio-2620, ¶ 28 (6th Dist.). Indeed, by failing to immediately depart from Walmart as required by the protection order when she accidentally encountered the victim and her husband, Downton disregarded a substantial and unjustifiable risk of violating the protection order and therefore acted recklessly. *See State v. Collier*, 2007-Ohio-6349, ¶ 85 (2d Dist.).

{¶14} For these reasons, we conclude that the jury did not lose its way and create such a manifest miscarriage of justice that Downton's violating a protection order conviction must be reversed and a new trial ordered. Therefore, Downton's violating a protection order conviction is not against the manifest weight of the evidence.

{¶15} Downton's assignment of error is overruled.

{¶16} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**WALDICK, P.J. and MILLER, J., concur.**

Case No. 1-25-32

# **<u>JUDGMENT ENTRY</u>**

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

_____
William R. Zimmerman, Judge

_____
Juergen A. Waldick, Judge

_____
Mark C. Miller, Judge

DATED:
/hls